IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANDREW JACOB HELMUELLER,

              Plaintiff,

v.

ST. CROIX COUNTY JAIL,

              Defendant.

OPINION AND ORDER

21-cv-665-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Andrew Jacob Helmueller has filed a pro se civil action under 42 U.S.C. § 1983, contending that staff at the St. Croix County jail used excessive force against him and denied him adequate medical treatment. His complaint is before the court for screening under 28 U.S.C. § 1915A, to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. However, I cannot conduct the required screening because plaintiff's complaint does not provide enough information about his claims. I will give plaintiff an opportunity to file an amended complaint that provides more information. I will deny his motion for court assistance in recruiting counsel without prejudice.

1

OPINION

Plaintiff alleges in his complaint that staff at the St. Croix County jail used excessive force against him, injuring his shoulder, and that medical staff denied him adequate medical treatment. Plaintiff cannot proceed with any claim, however, because his allegations are too vague and conclusory to state a constitutional claim against any defendant.

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the complaint must provide notice to the defendants of what plaintiff believes they did to violate his rights. The complaint also must contain enough allegations of fact to support a claim under federal law. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). Plaintiff's complaint does not include enough information to meet this standard, so it does not comply with Rule 8. In particular, plaintiff says that jail staff used excessive force against him, but he does not say who used force against him, when the force was used, what type of force was used, or why he thinks the force was excessive. He also says that he was denied medical care, but he does not say what medical problem he had, what medical treatment he thinks he needed, whether he received any medical treatment at all, who was responsible for providing or denying medical care to him, or why he thinks his medical care was inadequate. Without such information, his allegations are not sufficient to state a federal claim.

2

Plaintiff has also failed to name a defendant who can be sued for violating his constitutional rights. Plaintiff names the St. Croix County jail as a defendant, but the jail is not a suable entity for purposes of § 1983. The jail is just a building and not a legal entity. Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012). Plaintiff should name as defendants the individual jail officers who used excessive force against him and the individual medical care providers who denied him adequate medical treatment.

I will dismiss plaintiff's complaint without prejudice and give him the opportunity to file an amended complaint that complies with Rules 8 and provides more information about his claims. In drafting his amended complaint, plaintiff must limit his complaint in this case to claims that are based on a single incident or a series of related incidents. Plaintiff should state clearly what happened during the incident in question, when it happened, and what each individual defendant did, or did not do, that plaintiff believes violated his constitutional rights. Plaintiff should draft the amended complaint as if he is telling a story to someone who knows nothing about his situation. He also should set forth his allegations in separate, numbered paragraphs and use short and plain statements. After he finishes drafting a complaint, he should review it and consider whether it could be understood by someone who is not familiar with the facts of his case. If plaintiff files an amended complaint, I will review it under 28 U.S.C. § 1915(e)(2)(B).

Plaintiff has also filed a motion for court assistance in recruiting counsel. Dkt. #4. A pro se litigant does not have a right to counsel in a civil case, Olson v. Morgan, 750

3

F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist pro se litigants in finding a lawyer to represent them. Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir. 2007).

A party who wants assistance from the court in recruiting counsel must meet certain requirements. Santiago v. Walls, 599 F.3d 749, 760-61 (7th Cir. 2010). First, he must show that he is unable to afford counsel. Because plaintiff is proceeding in forma pauperis under 28 U.S.C. § 1915, he has met that requirement.

Second, the pro se litigant must show that he has made reasonable efforts on his own to find a lawyer to represent him. Plaintiff has satisfied this requirement by submitting letters from several attorneys who declined to represent him in this case. Dkt. #4-1.

Third, plaintiff must show that the legal and factual difficulty of the case exceeds his ability to prosecute it. Pruitt, 503 F.3d at 654-55. "The question is not whether a lawyer would present the case more effectively than the pro se plaintiff," but instead whether the pro se litigant can "coherently present [his case] to the judge or jury himself." Id. at 655.

Almost all of this court's pro se litigants would benefit from the assistance of counsel, but there are not enough lawyers willing to take these types of cases to give each plaintiff one. I must decide in each case whether the particular plaintiff should be the beneficiary of the limited resources of lawyers willing to respond to court requests. McCaa v. Hamilton, 959 F.3d 842, 845 (7th Cir. 2020).

Plaintiff identifies no particular reason why he needs the assistance of counsel in this case. Because plaintiff is not being permitted to proceed on any claims at this time, I cannot determine whether the complexity of this case will exceed his ability to litigate it on his own. Accordingly, I will deny his request for counsel without prejudice. He may renew his motion if he is permitted to proceed on any claim in this case. If plaintiff chooses to renew his motion, he should identify specific reasons why he thinks he needs the assistance of counsel to litigate this case.

## ORDER

IT IS ORDERED that

1. Plaintiff Andrew Jacob Helmueller's complaint is DISMISSED without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff may have until March 23, 2022 to file an amended complaint as set forth above. If plaintiff does not file an amended complaint by March 23, I will dismiss this case with prejudice for his failure to state a claim upon which relief may be granted.

2. Plaintiff's motion for court assistance in recruiting counsel, dkt. #4, is DENIED without prejudice.

Entered this 3d day of March, 2022.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge