IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANDREW JACOB HELMUELLER,

                                  OPINION AND ORDER

               Plaintiff,

                                    21-cv-665-bbc

      v.

ST. CROIX COUNTY JAIL,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In a previous decision, I dismissed plaintiff Andrew Jacob Helmueller's pro se complaint because it did not comply with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff had alleged that staff at the St. Croix County jail used excessive force against him, injuring his shoulder, and that medical staff denied him adequate medical treatment. However, plaintiff's allegations were too vague and conclusory to state a constitutional claim against any defendant. I gave plaintiff an opportunity to file an amended complaint that clarifies his claims.

Unfortunately, plaintiff's submissions do not comply with the directions that I gave him in the previous order. I directed him to submit an amended complaint that was written in separate, numbered paragraphs, using short and plain statements, and that addressed a single incident or series of related incidents. Instead, plaintiff has responded with a series of submissions totaling more than 200 pages. Dkts. #12-22. Some of his

1

documents are titled "amended complaint" or "criminal complaint," and include allegations and claims about numerous officials at the St. Croix County jail, as well as state officials. Other documents appear to be copies of plaintiff's communications with jail staff, inmate grievances, medical records, and statutes. Plaintiff also submitted letters expressing frustration with the court for failing to understand his claims, and again requesting that the court recruit counsel to represent him.

Plaintiff's submissions have several problems which I will discuss below. I will give plaintiff one more opportunity to correct these problems and to file an amended complaint that complies with the federal rules. I also will deny his renewed request for assistance finding counsel to represent him, as it is still uncertain whether plaintiff will be able to proceed on any claims in this case or how complex those claims might be.

OPINION

A.  Deficiencies in Plaintiff's Proposed Amended Complaint

1. Plaintiff's complaint must be a single document

The numerous documents and exhibits that plaintiff submitted do not qualify as a proper complaint under the Federal Rules of Civil Procedure. If plaintiff wishes to proceed, the complaint he files must be a single document that includes: (1) a caption (identifying himself as the plaintiff and specific individuals or suable entities as the defendants); (2) specific factual allegations regarding what the defendants did that violated plaintiff's rights; and (3) a description of the relief that plaintiff is seeking.

2.  <u>Plaintiff's complaint must relate to a single incident or clearly related incidents</u>

Plaintiff's most recent submissions concern a large range of incidents spanning multiple years, including several excessive force incidents, the denial of medical care for a range of alleged medical problems, interference with legal mail, and conditions of confinement at the jail.  However, under Rule 20 of the Federal Rules of Civil Procedure, plaintiff may not join unrelated claims against different defendants in a single lawsuit. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff's various allegations and claims cannot be prosecuted in the same lawsuit.  Instead, plaintiff's complaint must be about a single incident or series of related incidents.

3.  <u>The court cannot initiate criminal proceedings</u>

Plaintiff asks the court to initiate criminal proceedings against various individuals. However, this court does not have any authority to initiate federal criminal investigations or proceedings.  Only the United States Attorney has that authority.

4.  <u>Proper defendants in cases brought under 42 U.S.C. § 1983</u>

Plaintiff identifies several individuals and entities as potential defendants that likely are not proper defendants in a case brought under 42 U.S.C. § 1983, which is the statute by which plaintiff can sue state officials for federal constitutional violations.  The jail itself cannot be sued.  <u>Smith v. Knox County Jail</u>, 666 F.3d 1037, 1040 (7th Cir. 2012).   Neither the county nor county officials can be sued for the actions of its

employees unless the alleged constitutional violations were caused by an official policy, a custom or practice or an official with final policy-making authority. <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 690–91 (1971).  A supervisor, such as the sheriff or a jail administrator, cannot be liable for the actions of other jail staff simply because he or she is a supervisor.  <u>Burks v. Raemisch</u>, 555 F.3d 592, 593-94 (7th Cir. 2009).  Security staff cannot be held liable for deferring to the medical judgments of physicians and nurses responsible for treating inmates.  <u>Berry v. Peterman</u>, 604 F.3d 435, 443 (7th Cir. 2010).  Finally, judges cannot be sued for performing acts within the judge's jurisdiction, as they are protected by judicial immunity.  <u>Stump v. Sparkman</u>, 435 U.S. 349 (1978); <u>Loubser v. Thacker</u>, 440 F.3d 439, 442 (7th Cir. 2006).

B.  <u>Instructions for Filing Amended Complaint</u>

For the reasons discussed above, I will deny plaintiff's various motions seeking to amend his complaint.  However, I will give plaintiff one more opportunity to file a complaint that complies with the Federal Rules of Civil Procedure and addresses the defects discussed above.  Plaintiff alleged in his initial complaint that jail staff used excessive force against him and then failed to provide medical treatment for his injuries.  Plaintiff's amended complaint should include allegations related only to his excessive force claim and his medical care claim for injuries caused by the excessive force.  If he wants to sue for other alleged constitutional violations, he must file a separate lawsuit for each.

If plaintiff chooses to file an amended complaint, he should do the following:

- Identify all of the individuals he wishes to sue in the caption of the complaint.  If plaintiff does not know the name of an individual defendant, he should identify the defendant as "Doe #1 or Doe #2," etc.

- Describe simply and concisely what acts he believes each defendant took that violated his rights, using separate, numbered paragraphs.

- Describe what relief he is seeking.

Plaintiff should not make legal arguments in his amended complaint.  In addition, he should not attach documents to his complaint, including copies of statutes or ordinances.  The court will not review grievances, notices of claim, or other documents to determine the nature of plaintiff's claims or to identify the defendants he wishes to sue.  All of plaintiff's allegations and claims must be contained in a single complaint.

Finally, plaintiff should refrain from using profanity toward the court and others.  Although plaintiff may be frustrated, expressing his frustration with vulgarity or sexist slurs is inappropriate.  If plaintiff continues to use such language in his court filings, I will dismiss his case with prejudice as a sanction for doing so.

If plaintiff submits an amended complaint, I will review it under § 1915A.  If he does not submit an amended complaint, I will dismiss this case with prejudice for his failure to state a claim upon which relief can be granted and I will record a strike against him under § 1915(g).

ORDER

IT IS ORDERED that

1. Plaintiff Andrew Jacob Helmueller's motions for leave to amend his complaint, dkts. ##12, 13, 15, 16, 17, 18, 21 and 22 are DENIED.

2. Plaintiff's motion for court assistance in recruiting counsel, dkt. #19, is DENIED.

3. Plaintiff may have until May 19, 2022 to file an amended complaint as set forth above. If plaintiff does not file an amended complaint by May 19, I will dismiss this case with prejudice for his failure to state a claim upon which relief may be granted and I will record a strike against him under § 1915(g).

Entered this 5th day of May, 2022.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge