IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SOVEREIGNTY JOESEPH HELMUELLER
SOVEREIGN FREEMAN,

                     Plaintiff,

  v.                                           OPINION and ORDER

KRIS ANDERSON, JUSTIN NEWMAN,
JEFF MENTIC, DR. KNUTSON, DR. HAMMER,           21-cv-665-jdp
DR. KALEIFIA, DAVE HIMAN, and
JOHN DOES NOS. 1–6,

                     Defendants.

---

      Plaintiff Sovereignty Joeseph Helmueller Sovereign Freeman, appearing pro se, alleges that when he was a pretrial detainee at the St. Croix County Jail, officers attacked him for no reason, broke or dislocated his shoulder, and then refused to arrange for him to receive medical treatment. After several weeks, he was transported to Mendota Mental Health Institute, where staff refused to provide him treatment and instead forcibly restrained him and medicated him without his consent. The court granted him leave to proceed on Fourteenth Amendment claims against staff at the St. Croix County Jail and at Mendota Mental Health Institute.

      This opinion concerns a motion for sanctions filed by defendants Michael Hammer, Erik Knudson, and Khalipha Sanneh, who are represented by the Wisconsin Department of Justice. Dkt. 66.

      After an assistant attorney general filed a notice of appearance on behalf of defendants Hammer, Knudson, and Sanneh, Helmueller filed multiple documents objecting to the Department of Justice's involvement in the case. He contends that there is a conflict of interest because he intended to name the attorney general himself as one of the "John Doe" defendants

in this case for his failure to criminally charge the other defendants for their roles in violating his rights. *See* Dkt. 52. Helmeueller's objection is substantively frivolous. There is no conflict of interest here: the DOJ routinely represents state officials (in this case, staff who worked at Mendota Mental Health Institute) accused of wrongdoing.

Helmueller followed his initial objection with another filing that prompted the motion for sanctions. Helmueller filed a document titled "Affidavit" in which he states the following:

> Plaintiff demands the court show cause for Defendants representation by the WI Atty General and or the WI Dept of Justice. The Defendants have no right to be represented by the WI Attorney General or the WI Dept of Justice in this matter. Cut your backwards ass bull shit or you will start losing family members and the President of the United States will wind up dead! Stop playing games I demand justice not tyranny. Sec 1983 says "shall be held liable" stop protecting those who violated the law and my rights.

Dkt. 65, at 1–4.

In response, the state defendants move to dismiss the case as a sanction against Helmueller for threatening DOJ officials, this court, and the president. The state defendants also note that Helmueller has also followed up with what they call "menacing" letters in this and other cases in this court. I would characterize those letters as extremely rude and inappropriate, but not quite menacing. *See* Dkt. 73-1 (Helmueller states, "If the president was threatened [you're] out of your jurisdiction now buddy. Grow a pair and call in the real Attorney General, humble yourself and admit fault stop playing games.").

This court has the inherent authority to sanction any party or counsel for abuse of the litigation process. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991) (court may issue sanction when party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." (internal quotations omitted)); *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 402 (7th Cir.

2015) ("Courts generally have an interest in both punishing a party's dishonesty and deterring others who might consider similar misconduct."). "Though 'particularly severe,' the sanction of dismissal is within the court's discretion." *Montano v. City of Chicago*, 535 F.3d 558, 563 (7th Cir. 2008) (quoting *Chambers*, 501 U.S. at 45). And although a court ordinarily warns a party to stop the offending behavior before dismissing a case, some misconduct is so egregious that a warning is not necessary before dismissal. *See Beasley v. Hicks*, No. 21-2317, 2022 WL 2828268, at *3 (7th Cir. July 20, 2022) (racial epithets, sexualized comments, and threats of violence were sufficient to sanction with immediate dismissal); *cf. Sanders v. Melvin*, 25 F.4th 475, 481 (7th Cir. 2022) ("no one needs to be warned not to lie to the judiciary" (internal quotation omitted)).

Helmueller responds that he did not mean to directly threaten any public official. He says that his statement is " a serious warning . . . regarding the direction our country is heading in" and that the death he describes is "the likely/inevitable results of injustice and tyranny" and "the birth pains of a communist nation." Dkt. 76, at 1. He says that he made a similar statement in another, now-closed case. *See Helmueller v. Hallet*, Case No. 22-cv-463-jdp, Dkt. 9, at 4. ("Our nation will crumble and fall, our courts, capitols and streets will be overrun by belligerents and your and my friends/family will be slaughtered in result of tolerating the injustice. Our president will be captured or killed and we will fall as a nation.")

Helmueller's explanation is unpersuasive and ultimately beside the point. His statement, "Cut your backwards ass bull shit or you will start losing family members," is threatening on its face and wildly inappropriate in a court filing. Helmueller's argument that his statement was only an indirect threat of what others may do is of little comfort to those receiving that threat. Helmueller does not need a warning to know that it is improper for him

3

to badger opposing counsel or this court about violent consequences if they take actions he doesn't like. Other filings by Helmueller may not have been as truly "menacing," but those statements show that Helmueller holds them in contempt and wishes them harm.

I conclude that it is appropriate to sanction Helmueller by dismissing this case, both as punishment for his misconduct in this case and to deter him from further threatening or uncivil conduct in his other lawsuits. Helmueller has several other cases pending in this court. If Helmueller makes any other statements that could reasonably be construed as a threat to counsel, this court, or any other person, I will consider dismissing all of those pending cases as a further sanction.

Going forward, Helmueller must address the court and his adversaries using respectful language, as the court requires of all litigants. Helmueller will face further sanctions if he fails to do so.

ORDER

IT IS ORDERED that:

1. The state defendants' motion for sanctions, Dkt. 66, is GRANTED. This case is DISMISSED as a sanction against plaintiff Sovereignty Joeseph Helmueller Sovereign Freeman.

2. The clerk of court is directed to enter judgment accordingly and close the case.

3. The parties' remaining motions are DENIED as moot.

Entered March 15, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

4